IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KEAHI PAVAO, DEREK KAMIYA as personal representative of the ESTATE OF SONNETTE MARRAS, GARY POWELL on behalf of and as conservator for M.P.C.F.S.M., a minor child, R.P.O.C.S.S.M., a minor child, M.P.C.I.H.S.M., a minor child, and M.K.C.S.M., a minor child; MICHAEL SORIANO; and LANCE TANIGUCHI,<br><br>        Plaintiffs,<br><br>   vs.<br><br>USPLABS, LLC, JONATHAN VINCENT DOYLE (an individual), JACOB GEISSLER (an individual) a/k/a/ JACOBO GEISSLER, USPLABS OXYELITE, LLC, USPLABS OXYELITE PN, LLC, GNC CORPORATION, S.K. LABORATORIES, INC., VITA-TECH INTERNATIONAL, INC. and DOES 1-500, Inclusive,<br><br>        Defendants. | CIVIL 14-00367 LEK-KSC |

**ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT
ON THE PLEADINGS AS TO PLAINTIFF MICHAEL SORIANO**

Before the Court is Defendants' USPlabs, LLC ("USPlabs") and GNC Corporation's ("GNC") Motion for Judgment on the Pleadings as to Plaintiff Michael Soriano ("Motion"), filed on February 4, 2015. [Dkt. no. 31.] Plaintiff Michael Soriano ("Soriano") filed his memorandum in opposition on February 18, 2015, and USPlabs and GNC filed their reply on

March 4, 2015.  [Dkt. nos. 51, 99.]  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, the Motion is HEREBY GRANTED for the reasons set forth below.

**BACKGROUND**

Plaintiffs Keahi Pavao ("Pavao"); Derek Kamiya ("Kamiya"), as personal representative of the Estate of Sonnette Marras ("Marras"); Gary Powell ("Powell"), on behalf of and as conservator for M.P.C.F.S.M., a minor child, R.P.O.C.S.S.M., a minor child, M.P.C.I.H.S.M., a minor child, and M.K.C.S.M., a minor child (collectively, "the Minor Children"); Soriano; and Lance Taniguchi ("Taniguchi," and all collectively, "Plaintiffs") filed this action on August 15, 2014.  The Complaint alleges that: OxyElite Pro Super Thermo ("the Product") was designed, manufactured, marketed and/or sold - either directly or indirectly - by USPlabs; Marras purchased the Product from GNC and took the recommended dosage for approximately one month; and, as a result of her use of the Product, Marras suffered acute liver failure and eventually died on October 4,

2013.[1]  [Complaint at ¶¶ 45, 47.]  Marras was Soriano's common law wife.  [Id. at ¶ 43.]

The Complaint alleges the following claims: negligence against USPlabs and Defendants Jonathan Vincent Doyle ("Doyle"), Jacob Geissler (also known as Jacobo Geissler) ("Geissler"), USPlabs OxyElite, LLC ("OxyElite"), and USPlabs OxyElite PN, LLC ("OxyElite PN," all collectively "the USP Defendants" and "Count I");[2] negligence against GNC ("Count II"); negligence against Defendants S.K. Laboratories, Inc. ("S.K.") and Vita-Tech International, Inc. ("Vita-Tech," collectively, "the Manufacturers" and "Count III");[3] strict products liability – manufacturing defect – against the USP Defendants ("Count IV");

---

[1] Pavao and Taniguchi also allegedly suffered acute liver failure as a result of their use of the Product.  [Complaint at ¶¶ 42, 52.]

[2] On February 24, 2015, the USP Defendants filed a motion to dismiss all claims against Doyle, Geissler, OxyElite, and OxyElite PN ("USP Defendants Motion").  [Dkt. no. 59.]  This Court will address the issues in the USP Defendants Motion after ruling on the motion in Davidson, et al. v. USPlabs, LLC, et al., CV 14-00364 LEK-KSC, filed 2/23/15 (dkt. no. 61), which the parties have designated as the representative motion regarding the USP Defendants.  [Dkt. no 105.]

[3] S.K. filed its Motion to Dismiss or, in the Alternative, for Summary Judgment ("S.K. Motion") on December 30, 2014.  [Dkt. no. 17.]  Vitatech Nutritional Sciences, Inc., incorrectly named as Vita-Tech International, Inc. ("Vitatech") filed its Motion to Dismiss for Lack of Personal Jurisdiction ("Vitatech Motion") on February 4, 2015.  [Dkt. no. 32.]  The S.K. Motion is set for hearing on April 13, 2015, and the Vitatech Motion will be decided as a non-hearing motion after the parties' memoranda are filed in May.  [Dkt. nos. 39, 40.]

3

strict products liability - manufacturing defect - against GNC ("Count V"); strict products liability - manufacturing defect - against the Manufacturers ("Count VI"); strict products liability - design defect - against the USP Defendants ("Count VII"); strict products liability - design defect - against GNC ("Count VIII"); strict products liability - design defect - against the Manufacturers ("Count IX"); strict products liability - failure to warn - against the USP Defendants ("Count X"); strict products liability - failure to warn - against GNC ("Count XI"); strict products liability - failure to warn - against the Manufacturers ("Count XII"); breach of implied warranty against the USP Defendants ("Count XIII"); breach of implied warranty against GNC ("Count XIV"); and breach of implied warranty against the Manufacturers ("Count XV"). Although not identified as separate counts, Plaintiffs also include: punitive damages allegations against the USP Defendants and GNC; wrongful death allegations by Powell on behalf of and as conservator for the Minor Children and by Soriano; and survival allegations by Kamiya, as personal representative of Marras's estate. The wrongful death allegations include, in pertinent part, the allegation that Soriano "suffered the loss of consortium, including the loss of [Marras's] love, service, society, comfort, affection, moral support, companionship" and "incurred the cost of burial and funeral expenses and will lose any future financial support,

4

gifts, benefits and value from household services that [Marras] would have provided." [Complaint at ¶¶ 229-30.]

The Complaint seeks the following relief: Plaintiffs' past and future medical care expenses; past and future lost earnings and/or profits; other economic losses; damages for physical pain and discomfort; damages for fright, nervousness, anxiety, worry, and apprehension; pre- and post-judgment interest; reasonable costs; punitive and treble damages against USPlabs and GNC; any other appropriate relief; and, as to Kamiya, Powell, and Soriano, relief for their respective survival and wrongful death actions.

In the instant Motion, USPlabs and GNC seek judgment on the pleadings as to Soriano's loss of consortium claim because: 1) there is no common law claim under Hawai`i law for loss of consortium by a common law spouse or other unmarried partner; and 2) to the extent that Soriano is attempting to bring his claim pursuant to Haw. Rev. Stat. § 663-3, he has failed to plead sufficient factual allegations to support the claim.

**DISCUSSION**

I. **Applicable Standard**

USPlabs and GNC bring the instant Motion pursuant to Fed. R. Civ. P. 12(c), which states: "After the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings." Soriano argues that the Motion

is premature because not all of the defendants in this case have filed their answers to the Complaint, and therefore the Court should analyze the Motion under Fed. R. Civ. P. 12(b)(6) instead. "Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012) (citation and internal quotation marks omitted). USPlabs and GNC argue that this Court has the discretion to allow a Rule 12(c) motion, even before all of the defendants have filed answers, but they acknowledge that there is no prejudice to them if this Court construes their Motion as a Rule 12(b)(6) motion. [Reply at 3.] Even assuming, *arguendo*, that it may consider a Rule 12(c) motion before the pleadings have closed, this Court, in the exercise of its discretion, construes the Motion as a Rule 12(b)(6) motion.

**II. Common Law Loss of Consortium Claim**

USPlabs and GNC argues that, because the Complaint does not cite Haw. Rev. Stat. § 663-3,[4] Soriano is asserting a common

---

[4] Haw. Rev. Stat. § 663-3 states, in pertinent part:

> (a) When the death of a person is caused by the wrongful act, neglect, or default of any person, the deceased's legal representative, or any of the persons enumerated in subsection (b), may maintain an action against the person causing the death or against the person responsible for the death. The
> (continued...)

law loss of consortium claim. They argue that Soriano's claim fails because Hawai`i law does not recognize a loss of consortium claim by a common law spouse or other unmarried partner. See, e.g., Thompson v. Saint Louis Sch., No. 28856, 2011 WL 661818, at *8 (Hawai`i Ct. App. Feb. 24, 2011) ("Loss of consortium claims are derivative, as they are based on the underlying claim of a **spouse or child** who has suffered injury." (emphasis added) (some citations omitted) (citing Brown v. KFC Nat'l Mgmt. Co., 82 Hawai`i 226, 241, 921 P.2d 146, 161 (1996))).

Although the Complaint does not cite § 663-3, which is titled "Death by wrongful act," the Complaint asserts Soriano's

---

⁴(...continued)
action shall be maintained on behalf of the persons enumerated in subsection (b), except that the legal representative may recover on behalf of the estate the reasonable expenses of the deceased's last illness and burial.

(b) In any action under this section, such damages may be given as under the circumstances shall be deemed fair and just compensation, with reference to the pecuniary injury and loss of love and affection, including:

    (1) Loss of society, companionship, comfort, consortium, or protection;

    . . . .

by the surviving spouse, reciprocal beneficiary, children, father, mother, and by any person wholly or partly dependent upon the deceased person. . . .

7

loss of consortium claim in a section titled "Wrongful Death." This Court therefore does not construe Soriano's loss of consortium claim as arising under Hawai`i common law; it construes his claim as a claim pursuant to § 663-3.

**III. Haw. Rev. Stat. 663-3 Claim**

This Court assumes the factual allegations of the Complaint to be true for purposes of the instant Motion. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true" (citing Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555, 127 S. Ct. 1955 (2007)). Based on the allegations in the Complaint, Soriano is not Marras's surviving spouse, reciprocal beneficiary, child, father, or mother. Thus, he can only bring a wrongful death claim under § 663-3 if he was "wholly or partly dependent upon" her. The Hawai`i Supreme Court has stated:

> Previously, this court defined "dependents" as used in this State's wrongful death act in Young v. Hon. C. & D. Co., 34 Haw. 426 (1938). The Young court stated that:
>
>> [t]he term "dependent" has been variously construed. But as employed in death acts it connotes the existence of necessitous want. . . .
>>
>> Dependency may result from different causes. It may result from the lack of physical necessities such as food, shelter and clothing. It may result from moral and social necessities such as education. Physical, moral and social necessities are

8

>       not confined to the subjects mentioned.
>       Others are readily conceivable.
>
>    Id., 34 Haw. at 442 (citations omitted).  Thus,
>    under § 663-3 Appellants are the dependents of
>    [the decedent] if they wholly or partly derived
>    physical, moral, and/or social necessities from
>    him.

Lealaimatafao v. Woodward-Clyde Consultants, 75 Haw. 544, 552, 867 P.2d 220, 224 (1994) (some alterations in Lealaimatafao) (footnote omitted).[5]

In the instant case, the Complaint does not allege sufficient facts that, if proven, would support a finding that Soriano "wholly or partly derived physical, moral, and/or social necessities" from Marras.  Thus, this Court concludes that Soriano has failed to plead a plausible § 663-3 claim because, based on the factual allegations in the Complaint, he is not a person who is eligible to bring a claim under that statute.  See Iqbal, 556 U.S. at 678 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting Twombly, 550 U.S. at 570, 127 S. Ct. 1955)).

This Court, however, finds that it is arguably possible for Plaintiffs to cure this defect in Soriano's claim by amendment.  See Harris v. Amgen, Inc., 573 F.3d 728, 737 (9th

---

[5] "At the time Young was decided, this State's wrongful death act was codified as Section 4052, Revised Laws 1935." Lealaimatafao, 75 Haw. 552 n.5, 867 P.2d at 224 n.5.

9

Cir. 2009) ("Dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment." (citation and quotation marks omitted)). USPlabs and GNC's Motion is GRANTED insofar as Soriano's loss of consortium claim is DISMISSED WITHOUT PREJUDICE.

## **CONCLUSION**

On the basis of the foregoing, USPlabs and GNC's Motion for Judgment on the Pleadings as to Plaintiff Michael Soriano, filed February 4, 2015, is HEREBY GRANTED. Soriano's loss of consortium claim is HEREBY DISMISSED WITHOUT PREJUDICE.

Although this Court has granted Plaintiffs leave to amend Soriano's loss of consortium claim, it ORDERS Plaintiffs not to file their amended complaint until after it rules on all of the motions to dismiss in this case. See *supra* nn.2-3. This Court will give Plaintiffs a deadline for the filing of their amended complaint after it rules on all of the motions to dismiss.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, March 23, 2015.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**KEAHI PAVAO, ET AL. VS. USPLABS, LLC, ET AL; CIVIL 14-00367 LEK-KSC; ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AS TO PLAINTIFF MICHAEL SORIANO**